NICHOLAS CRUGER, plaintiff in error, *vs.* C. M. CLARK, defendant in error.

When a question of fact has been fully submitted to a jury, who have found a verdict, and the Judge below refuses a new trial, this Court will not reverse the judgment unless there be a very strong case against the verdict.

New Trial. Before Judge VASON. Dougherty Superior Court. December Term, 1870.

This record is somewhat confused. The litigation was begun by a distress-warrant against Martin & Erdman, for $51 50, sued out in the County-Court, on the 16th of August 1867, by Pulk Robenson, for the use of C. M. Clark. What counter-affidavit was filed does not appear; but a trial was had at September Adjourned Term, 1867, and resulted in a verdict for said plaintiff against Martin & Erdman, for said amount. From this an appeal was taken. Martin & Erdman deposited with one Campbell $200 00 to await " the termination of a suit on distress-warrant, Pulk Robenson, for use, etc., *vs* Martin & Erdman, pending on appeal in the Superior Court of said county." At June Term, 1868, the Court ordered this money put into the hands of a Receiver. At December Term, 1869, " Martin & Erdman having no further interest in the suit," Clark and Cruger were at issue as to which of them should have said $200 00.

It was admitted that George F. Robenson owned the house and had rented it to Pulk Robinson for 1867. Pulk Robenson testified that he " had the renting of said house" during 1867, and rented it to Martin & Erdman, at $33 33⅓ per month, on his own account, and not as agent. He said he did not borrow any money from Cruger in 1867, but did borrow some in 1866, and gave George F. Robenson as his security. He said he transferred his rent claim to Clark, and to no one else. Here Clark closed.

Erdman testified that he rented the premises from Pulk

Cruger *vs.* Clark.

Robinson; that between January and May, Cruger presented to him the original lease, and said that Pulk Robenson had transferred the rent to him, and thereupon he agreed to pay Cruger the rent after deducting $125 00 which Pulk Robenson owed Erdman. Six or eight months rent was then due.

After that, Erdman conversed with Pulk Robenson, who was not present at said agreement with Cruger, and from it understood that he knew of the transfer to Cruger. Cruger testified that he loaned Pulk Robenson $200 00 and took a transfer of said lease as security, and related the conversation between him and Erdman as Erdman had, adding that Pulk Robenson was present when it occurred. And Cruger and several other witnesses testified that Pulk Robenson was a worthless fellow and unworthy of belief. He then put in evidence a lease of the premises, made the 3d of December 1866, for the year 1867, from Pulk Robenson to Martin & Erdman at $400 00, and a transfer of the rent due on said lease from the 1st of June 1867, to the 1st of January 1868, by Pulk Robenson to Clark, to secure money loaned. He also put in evidence a note for $200 00, made December 4th, 1867, by both of said Robensons to Cruger, payable sixty days after date, and a transfer of $200 00 of said rent money to Cruger, made on the 4th of December, 1867, by George Robenson, in which he stated that Pulk Robenson had rented the premises, as his agent. (It was said that "December 1867" should be "December 1866.") Cruger testified that he took this paper from George F. Robenson, on the advice of his counsel.

The Court charged the jury that he who had the first order for the money was entitled to it; told the jury how a witness might be impeached, and that if he were so impeached they should give no weight to his testimony. The jury found for Clark. Cruger moved for a new trial upon the grounds that the verdict was contrary to the evidence and the charge of the Court, and because a juror who tried this issue tried the original issue in the County-Court. Cruger

swore that he did not know this last fact till after the verdict. The Court refused a new trial, and that is assigned as error.

SMITH & JONES; HINES & HOBBS, for plaintiff in error.

D. H. POPE, for defendant.

McCAY, Judge.

It would be hard to say that a verdict for either of these parties would, under the evidence as set forth in this record, be contrary to the evidence. As it is, we incline to agree with the jury. Admitting that Cruger advanced his money in December 1866, nothing seems to have been done to secure him but to deposit the lease in his keeping. By section 1978 of the Revised Code, the equitable mortgage arising from the deposit of title deeds is abolished, so that Cruger got no right in this debt by the deposit. The transfer to Clark was made in August. This transfer was by the apparent owner. At any rate, the contract of the tenant was with Pulk Robenson, and *prima facie* he had a right to transfer. It is true it is part of the admission in the issue that the real owner was George F. Robenson, but unless it be shown that Clark knew this at the time he advanced his money and took the transfer, we think he got a good title to the debt. The fact that the lease was, at the time, under deposit with Cruger, could not affect the matter. The date of the deposit with Cruger of the lease does not appear.

It is said by the witness that at the time there was eight months rent due; whether this means eight months of the year had elapsed or were yet to elapse, is not clear. We should understand that eight months had elapsed. This would make Cruger's transfer subsequent to Clark's. The written transfer was not till December, 1867. It may be true that the elder Robenson acted in bad faith to the son in the transfer to Clark, but as he was the nominal owner of the debt for the

rent, Clark had a right to deal with him as the true owner, without notice to him that the younger Robenson was the true owner.   This money comes into Court on Clark's process.   He has the possession, and the burden of proof is on Cruger.   He has too the *legal* title, since his transfer is from the person who actually rented the property to the tenant.

We think Cruger has failed to make such a case as would make it our duty to set aside this verdict.   At best the case is one of doubt; the evidence is conflicting, and a verdict of a jury must be strikingly wrong to justify its reversal.

Judgment affirmed.